Joseph MORGAN, Plaintiff–Appellant,

v.

TENNESSEE DEPARTMENT
OF CORRECTIONS, et al.,
Defendants–Appellees.

No. 03–5862.

United States Court of Appeals,
Sixth Circuit.

Dec. 15, 2003.

Joseph Morgan, Nashville, TN, for Plaintiff-Appellant.

Kimberly J. Dean, Deputy Attorney Gen., Stephanie R. Reevers, Asst. Attorney Gen., Nashville, TN, for Defendant-Appellee.

Before BOGGS, Chief Judge; BATCHELDER and SUTTON, Circuit Judges.

*ORDER*

Joseph Morgan, a pro se Tennessee prisoner, appeals a district court judgment that dismissed without prejudice his civil rights complaint filed under 42 U.S.C. § 1983. This case has been referred to a

panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Morgan filed his complaint in the district court alleging that the defendant Tennessee prison officials tampered with his food and otherwise mistreated him. Morgan did not specify the capacity in which he sued any defendant and did not request any relief. The district court dismissed the complaint without prejudice for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a). Morgan filed a timely notice of appeal.

In his brief on appeal, Morgan contends that he pursued emergency grievance procedures and that he is not required to exhaust administrative remedies because he has a disability within the meaning of the Americans With Disabilities Act. Morgan also has filed several motions for miscellaneous relief.

Upon de novo review, *see Curry v. Scott,* 249 F.3d 493, 503 (6th Cir.2001); *White v. McGinnis,* 131 F.3d 593, 595 (6th Cir.1997), we affirm the judgment because the district court properly dismissed Morgan's complaint for failure to exhaust administrative remedies. Plaintiff alleged in his complaint only that he filed grievances that were not processed or heard. Documents appended to plaintiff's complaint do not support his assertion that he filed grievances. Rather, the documents reflect that he made informal inquiries and requests for information that involved his claims. Under these circumstances, the district court correctly concluded that Morgan did not establish that he exhausted administrative remedies. Moreover, there is no basis for Morgan's assertion on appeal that he is excused from exhausting administrative remedies because he is disabled. Accordingly, the district court properly dismissed plaintiff's complaint for failure to exhaust administrative remedies.

For the foregoing reasons, the pending motions are denied, and the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.